UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WANDA JEAN JOHNSON,

    Plaintiff,

v.                                                   Case No:      6:15-cv-391-Orl-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Wanda Jean Johnson, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to 42 U.S.C. § 405(g).

**I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C. Procedural History

Plaintiff filed an application for DIB on November 28, 2011, and protectively filed an application for SSI on November 28, 2011, alleging disability commencing on May 15, 2008. (Tr. 201-11, 221-222). Plaintiff's applications were denied initially on February 22, 2012, and upon reconsideration on April 24, 2012. (Tr. 71-80, 90-99). Plaintiff requested a hearing and, on July 29, 2013, the Jacksonville Hearing Office issued a Notice of Hearing setting Plaintiff's hearing for October 10, 2013. (Tr. 111-37). The notice indicated that video teleconferencing ("VTC") would be utilized for the hearing. (Tr. 112). On August 5, 2013, Plaintiff returned the Acknowledgement of Receipt form to the hearing office indicating that she would be present at her scheduled hearing. (Tr. 138). In a signed Acknowledgement of Receipt form dated September 10, 2013, Plaintiff's counsel indicated he would be present at the time and place shown on Notice of Hearing. (Tr. 143).

On September 23, 2013, Plaintiff's counsel wrote a letter to Administrative Law Judge Teresa J. McGarry (the "ALJ") notifying her that Plaintiff objected to the VTC hearing and requesting that a face-to-face hearing be scheduled in the Orlando Office of Disability Adjudication and Review ("ODAR") as soon as possible. (Tr. 150-63). On October 9, 2013, the ALJ denied this request. (Tr. 165). The ALJ indicated that "the Social Security Administration sets the geographic jurisdiction for hearings. The Orlando office is not part of the Jacksonville area of jurisdiction." (Tr. 165). The ALJ further noted that since Plaintiff indicated that she "will

not travel to Jacksonville, the hearing will be conducted by video in Port Orange as scheduled." (Tr. 165). The ALJ noted that Plaintiff's address was closer to the Port Orange office, located approximately 11 miles away, than to the Orlando office Plaintiff requested. (Tr. 165).

On October 10, 2013, Plaintiff attended a hearing before the ALJ via video teleconferencing. (Tr. 167-98). On October 25, 2013, the entered her decision finding that Plaintiff was not disabled. (Tr. 46-64). Plaintiff requested review of the hearing decision and, on January 16, 2015, the Appeals Council denied the request for review. (Tr. 65-70, 200). Accordingly, the ALJ's decision became the Commissioner's final decision. Plaintiff initiated the instant action by Complaint (Doc. 1) filed on March 10, 2015.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 15, 2008, the alleged onset date. (Tr. 51). At step two, the ALJ found that Plaintiff has the following severe impairments: major depressive disorder and cervical degenerative disc disease. (Tr. 51). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 52).

Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ropes, ladders or scaffolds. The claimant can frequently climb ramps and stairs, bend, stoop, squat, crouch, crawl and kneel. She cannot perform overhead lifting and cannot have exposure to heights and vibrations. The claimant is limited to simple, one to three step work with no production paced demands.

(Tr. 53). At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a bus driver and school bus monitor. (Tr. 57).

At step five, the ALJ relied upon the testimony of a VE to find that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience, and RFC. (Tr. 58). Specifically, the ALJ found that Plaintiff could perform such occupations as "marker," "cashier," and "photocopy machine operator." (Tr. 58). Based on this finding, the ALJ concluded that Plaintiff has not been under a disability since May 15, 2008, through the date of the ALJ's decision. (Tr. 59).

## II.     Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ violated Plaintiff's right to an in-person hearing, and (2) whether the ALJ fully and fairly developed the record. The Court begins with Plaintiff's first issue.

Plaintiff contends that the ALJ erred when she overruled Plaintiff's objection to a VTC hearing and denied her request to have an in-person hearing scheduled in Orlando Office of Disability Adjudication and Review ("ODAR"). (Doc. 19 p. 13). Plaintiff contend that the regulations at the time of the ALJ's decision provide that the ALJ "will" change the time and place for the administrative hearing, but the ALJ failed to determine whether or not there was good cause to transfer Plaintiff's case. (Doc. 19 p. 12-13).

Defendant responds that Plaintiff failed to comply with the procedures set forth in regulation for objecting to the time or location of her VTC hearing. (Doc. 19p. 17). According to Defendant, Plaintiff failed to notify the ALJ at the earliest possible opportunity before the time set for that hearing, as was required by 20 C.F.R. § 404.936(d). (Doc. 19 p. 17). In addition, Defendant contends that Plaintiff has failed to show that she was not afforded a full and fair hearing. (Doc. 19 p. 18).

At the time the ALJ entered her decision, 20 C.F.R. § 404.936(e)[1], titled "Time and Place for a hearing before an Administrative Law Judge," provided the following:

> Good cause for changing the time or place. If you have been scheduled to appear for your hearing by video teleconferencing and you notify us as provided in paragraph (d) of this section that you object to appearing in that way, **the administrative law judge will find your wish not to appear by video teleconferencing to be a good reason for changing the time or place of your scheduled hearing and we will reschedule your hearing for a time and place at which you may make your appearance before the administrative law judge in person.** The administrative law judge will also find good cause for changing the time or place of your scheduled hearing, and we will reschedule your hearing, if your reason is one of the following circumstances and is supported by the evidence:
>
> You or your representative are unable to attend or travel to the scheduled hearing because of serious physical or mental condition, incapacitating injury, or death in the family . . .

(emphasis added). Further, 20 C.F.R. § 404.936(f), titled "Good cause in other circumstances," provided that:

> In determining whether good cause exists in circumstances other than those set out in paragraph (e) of this section, the administrative law judge will consider your reason for requesting the change, the facts supporting it, and the impact of the proposed change on the efficient administration of the hearing process. Factors affecting the impact of the change include, but are not limited to, the effect of the processing of other scheduled hearings, delays which might occur in rescheduling your hearing, and whether any prior changes were granted to you. Example of such other circumstances, which you might give for requesting a change in the time or place of the hearing, include, but are not limited to, the following:
>
> (1) You have attempted to obtain a representative but need additional time;
> (2) Your representative was appointed within 30 days of the scheduled hearing and needs additional time to prepare for the hearing;
> (3) Your representative has a prior commitment to be in court or at another administrative hearing on the date scheduled for the hearing;

---

[1] This was the regulation that was in effect as of September 24, 2013, the date of the ALJ's decision in this case. The Commissioner revised this regulation subsequent to the ALJ's decision and the new regulation became effective on July 25, 2014. Subsequent citations to the Code of Federal Regulations in this Opinion and Order refer to the regulations as they were on the date of the ALJ's decision.

>  (4) A witness who will testify to facts material to your case would be unavailable to attend the scheduled hearing and the evidence cannot be otherwise obtained;
>  (5) Transportation is not readily available for you to travel to the hearing;
>  (6) You live closer to another hearing site; or
>  (7) You are unrepresented, and you are unable to respond to the notice of hearing because of any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have.

In this case, the Court finds that the ALJ erred by failing to provide Plaintiff with an in-person hearing. The regulations in affect at the time of Plaintiff's hearing specifically provided that an ALJ "will" find a claimant's wish to have an in-person hearing to be good cause to change the time and place of the administrative hearing. *See* 20 C.F.R. 404.936(e). In denying Plaintiff's request for an in-person hearing, the ALJ made no mention of the regulations governing such requests, but instead denied Plaintiff's request on the basis that Plaintiff's preferred hearing site was outside the Jacksonville ODAR's jurisdiction. (Tr. 165). At the VTC hearing the ALJ apologized that she could not meet the Plaintiff in person and that they had to have a videoconference because "[f]unding was cut several years ago, to where Judges are no longer allowed to travel." (Tr. 169-70). As Plaintiff notes, however, Plaintiff made no request for the ALJ to travel, but only that she be given an in-person hearing.

Defendant contends that Plaintiff did not comply with the procedures set forth in the regulations for objecting to the time or location of her VTC hearing because Plaintiff did not notify the ALJ at the earliest possible opportunity of her desire to change the time and location of the hearing as was required by 20 C.F.R. § 404.936(d). (Doc. 19 p. 17-18). The Court rejects this argument. While Plaintiff the record shows that Plaintiff did not object to the VTC hearing at the "earliest possible opportunity," the record also reveals that Plaintiff's objection was not raised on the eve of the VTC hearing, and that the ALJ's decision to deny Plaintiff's request to have an in-

person hearing was not premised on time constraint issues. On remand, the Court will require the ALJ to grant Plaintiff an in-person hearing. As the Court finds remand appropriate for an in-person hearing to be conducted, the Court defers from Plaintiff's second raised issue that the ALJ failed to adequately develop the record.

### III.  Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2016.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties